Dear Mr. Rasch:
We received your request for an opinion and hereby provide you with our response. Our understanding of the issue is as follows:
 May a funeral home retain funds which were pre-paid pursuant to a pre-need contract for funeral services if the purchaser rendered the contract irrevocable and the funeral home does not, in fact, provide funeral services for the purchaser?
La. R.S. 37:861 authorizes a duly licensed funeral establishment to enter into pre-paid contracts for funeral services. The statute also specifically authorizes the purchaser, by written notice to the seller at any time during the life of the contract, to render any amount of the pre-paid contract irrevocable. Chapter 1 of Title 46 of the Louisiana Administrative Code, Section 111D, provides as follows:
 Should a funeral home be designated in a pre-need funeral arrangement contract and designated further as a beneficiary of funds from any source which are to be used to fund the proposed funeral service, and should a funeral service not be provided, then the said funeral home shall refund the entire amount of the funds received, including principal and interest, to the estate of the deceased, unless directed otherwise within the pre-need funeral arrangement contract.
As outlined in your request, these laws were designed to protect the consumer. The grant of authority to the consumer to make the contract irrevocable was established to protect the consumer from the Social Security Administration making a claim to the funds for the assisted care of the consumer. Your request presents the problem that a funeral home faces when a consumer who has a pre-need, irrevocable contract dies and the family members, for whatever reason, choose to have funeral services provided by another funeral home. May the funeral home retain these funds? It is our opinion that the funeral home may not
retain these funds for the following reasons.
A contract is simply an agreement by two or more parties whereby obligations are created. A sale is a contract in which the parties consent to the object and price. Civil Code Art. 1906
and Civil Code Art. 2439. The principal obligation of the purchaser is to pay the purchase price. Civil Code Art. 2549. The principal obligation of the seller is to deliver and warrant the thing sold to the purchaser. Civil Code Art. 2475.
When the Civil Code Articles pertaining to the basic fundamentals of contract and obligations are construed together with the provisions of La. R.S. 37:861 and Section 111D of Chapter 1 of Title 46 of the La. Administrative Code, it is clear that a funeral home would have to refund the pre-paid funds to the purchaser's estate. The funeral home and the purchaser entered into a contract for an object, funeral services, at a price which the consumer pays in advance. Thus, the purchaser in this scenario satisfied his obligation created in the pre-need contract. The funeral home is obligated to provide funeral services. Obviously, funeral services must be defined in the contract. We assume that "funeral services" mean providing a casket and other merchandise and/or services incidental to the final disposition of a human body. If the object, in this case funeral services, is not provided then the funeral home has not performed its obligation under the contract. Accordingly, it cannot retain the funds for a service it did not provide. It is our opinion that if the funeral home retains the funds it not only violates Section 111D of Chapter 1 of Title 46 of the La. Administrative Code, but it further exposes itself to a cause of action for breach of contract.
The fact that the purchaser makes his offer irrevocable does not somehow give authority to the funeral home to retain funds for services it did not provide. An irrevocable offer is one that specifies a period of time for acceptance. Civil Code Art. 1928. An offer is irrevocable during the life of the contract. The life of the contract, in this situation, is the life of the purchaser. Thus, once the purchaser dies, the offer is no longer irrevocable. Additionally, the purpose of allowing a purchaser to make his offer irrevocable was to protect the purchaser from the Social Security Administration. The purpose, as we appreciate it, was not to protect the funeral home.
Clearly, the funeral home and purchaser can agree to any terms in the contract. In fact, Section 111D specifically provides that the funeral home shall refund the entire amount of the funds received to the estate of the deceased unless directedotherwise within the pre-need funeral contract. This clearly gives the funeral home the authority to contract for a different outcome. The funeral home should be reminded, however, that it must clearly state the extent of its obligations arising under the contract because any ambiguity in the interpretation of the obligation would be interpreted against the seller, the funeral home. Thus, the funeral home must clearly define what "services" are to be provided and what portion, if any, of the pre-payment would be retained by the funeral home should the purchaser's family use another funeral home for burial of the contract holder.
In conclusion, it is our opinion that a funeral home must refund funds which were pre-paid in an irrevocable, pre-need contract to the estate of the deceased in the event it does not provide funeral services for the deceased as those services are defined in the contract.
Should you need any further information, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: TINA VICARI GRANT
Assistant Attorney General
RPI:TVG:jv